UNITES STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

1. MICHAEL PRICE
2. 24 ALBANY HOLDING LLC
3. YOUTH EMPOWERMENT SERVICES OF NEW YORK INC.
                    **Plaintiff**

                           *CIVIL CASE NO.:* 1:12-CV-0815(DNH/DRH)
                           CIVIL RIGHTS COMPLAINT, PURSUANT
                           42 U.S.C. SECTION 1983

-against-

1. CITY OF TROY, NEW YORK
2. LOU ROSAMILIA (In his individual & official capacity as Mayor of City of Troy)
3. WILLIAM CHAMBERLAIN, (In his individual & official capacity as City of Troy Deputy Mayor)
4. BILL FRENCH, (In his individual & official capacity as City of Troy Code Enforcement Officer)
5. DON ALDANO (In his individual & official capacity as City of Troy Code Enforcement Employee)
6. MARK McGRATH, ((In his individual & official capacity as City of Troy Code Enforcement Officer)
7. JOHN DOE(S) #1 (In their respective individual & official capacities, with fictitious names intended to represent City of Troy Code Enforcement Officers involved in the incidents that violated plaintiff's federal and other rights, but whose real names and the precise number are not known to plaintiff)
8. ISAAC BERTOS (In his individual & official capacity as City of Troy Police Officer)
9. CHRISTOPHER JOHNSON (In his individual & official capacity as Troy Police Officer)
10. BILL WADE ( In his individual & official capacity as City of Troy Police Officer)
11. SERGEANT FRENCH (In his individual & official capacity as City of Troy Police Officer)
12. JOHN TEDESCO, ( In his individual & official capacity as City of Troy Police Chief)
13. JOHN DOE(S) #2 (In their respective individual & official capacities  with fictitious names intended to represent City of Troy Police Officers involved in the incidents that violated plaintiff's federal and other rights, but whose real names and the precise number are not known to plaintiff)
                    **Defendants.**
_____

     *Plaintiff demands a trial by **JURY***

Plaintiff in the above captioned action alleges as follows:

## JURISDICTION

This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the

Constitution of the United States.  This action is brought pursuant to 42 U.S.C. Section 1983.  The

Court has jurisdiction over this action pursuant to 28 U.S.C Sections 1331, 1343(3) and (4) and 2201.

## PARTIES

**PLAINTIFF:**
1. MICHAEL PRICE
2. 24 ALBANY HOLDING LLC
3. YOUTH EMPOWERMENT SERVICES OF NEW YORK INC.

*Represented by Counsel:*     Vincent U. Uba, Esq.,
750 Broadway, Albany NY 12207
Tel: 518-533-4943; Fax: 518-618-1330
E Mail: vinuuba@yahoo.com

**DEFENDANTS:**
1. CITY OF TROY, NEW YORK
2. LOU ROSAMILIA (In his individual & official capacity as Mayor of City of Troy)
3. WILLIAM CHAMBERLAIN, (In his individual & official capacity as City of Troy Deputy Mayor)
4. BILL FRENCH, (In his individual & official capacity as City of Troy Code Enforcement Officer)
5. DON ALDANO (In his individual & official capacity as City of Troy Code Enforcement Employee)
6. MARK McGRATH, ((In his individual & official capacity as City of Troy Code Enforcement Officer)
7. JOHN DOE(S) #1 (In their respective individual & official capacities, with fictitious names intended to represent City of Troy Code Enforcement Officers involved in the incidents that violated plaintiff's federal and other rights, but whose real names and the precise number are not known to plaintiff)
8. ISAAC BERTOS (In his individual & official capacity as City of Troy Police Officer)
9. CHRISTOPHER JOHNSON (In his individual and official capacity as City of Troy Police Officer)
10. BILL WADE ( In his individual & official capacity as City of Troy Police Officer)
11. SERGEANT FRENCH (In his individual & official capacity as City of Troy Police Officer)
12. JOHN TEDESCO, ( In his individual & official capacity as City of Troy Police Chief)
13. JOHN DOE(S) #2 (In their respective individual and official capacities  with fictitious names intended to represent City of Troy Police Officers involved in the incidents that violated plaintiffs federal and other rights, but whose real names and the precise number are not known to plaintiff)

OFFICIAL ADDRESS FOR DEFENDANTS NUMBERED 1 THROUGH 7 IS:
1776 SIXTH  AVENUE TROY, NEW YORK 12180

OFFICIAL ADDRESS FOR DEFENDANTS NUMBERED 8 THROUGH 13 IS:

55 STATE STREET, TROY NEW YORK 12180

2

1. In or about August 2010, plaintiff 24 ALBANY HOLDING LLC (a business corporation organized under the laws of the State of New York), through its Director, MICHAEL PRICE, an African American citizen of the United States, concluded his purchase of the real property lying and situate at 275 4th Street, Troy, New York (hereinafter referred to as "the property"), from a Mr. David Slattery, a Caucasian American.

2. The aforementioned property was purchased partly for the use and benefit of YOUTH EMPOWERMENT SERVICES OF NEW YORK INC (a not- for-profit corporation organized under the laws of the State of New York), whose mission is to develop programs and activities designed to keep youths in school, and out of bad and unproductive influence and activities.

3. The neighborhood where this property is located is predominantly populated by Caucasian American, with an Italian Community Center located a few blocks from the building.

4. This property is located in an R-4 zone, and is zoned R-4. According to the City of Troy Zoning Law, R-4 zoning means that the property can be used for "multi-family residential, restaurants and for other similar uses".

5. Prior to plaintiff's purchase of this property, Mr Slattery used this property as a multi family dwelling of two families on the second and the third floor, and a restaurant/bar on the first floor.

6. A certain JAMES SKAGGS, a Caucasian American, operated a restaurant/bar known as 630 PARADISE PUB on the first floor of the said 275 Fourth Street, Troy, New York for several years, right up to the time the plaintiff purchased the property.

7. Plaintiff bought the property for the aforementioned legal use, and being that the property had, prior to this time, being used for same; had no reason to believe that he would have any problem using the property for same.

8. At the time of the purchase, the property was rented for $750.00 for the second and third floor apartment respectively, totaling $1,500.00.

3

9. In February, 2011, Mr. Price moved into the second floor and rented out the third floor.

10. In or about August, 2010, plaintiffs attempted to use the first floor as a venue/restaurant designed for the specific purpose of raising funds for YOUTH EMPOWERMENT SERVICES OF NEW YORK INC. He was informed by employees of Troy Police Dept and employees of the Troy Building and Codes Dept that he needed to obtain a use and area variance.

11. Being that plaintiff's intended use was not different from what the building is zoned for and had always being used for, he did not believe he needed to obtain a use and area variance. He however complied and in August, 2010, commissioned an architect whom he paid $5,000.00 to draw up a plan to be submitted to the Troy Dept of Building and Codes so as to obtain the supposed "use and area variance".

12. On or about August 18, 2010, plaintiff submitted the Application for Permit, along with the proposed plan and other requested documents to Troy Dept of Building and Codes. After plaintiff submitted this application with the accompanying documents, he was subsequently informed by DON ALDANO, a City of Troy Department of Building and Codes employee that WILLIAM CHAMBERLAIN, the Deputy Mayor for the City of Troy, had instructed him (Don Aldano) that based on the orders of the Mayor, "he (Don Aldano) should not process plaintiff's application," and furthermore that the Mayor's position is that "Mr. Price would never be allowed to use the building".

13. On or about August 20, 2010 at about 3:00AM , that being the night following the day after submitting the above application, Officers Bertos, Johnson, Wade, French & John Doe #2 of the Troy Police Department invaded Mr. Price's home without warrant nor legal justification, and deliberately damaged several of plaintiff's properties, including; deliberately pouring cooking grease/oil all over his floor, walls and ceiling, damaging walls, pulling out wires, and in fact rendering the first floor kitchen and restaurant inoperable and the entire building uninhabitable.

They further pulled out and took away the gas and electric meters.

14. On the same night as above (ie on or about August 20, 2010) Officers Bertos Johnson, Wade, French and other John Does #2 of Troy Police Department invaded the third floor apartment at about 3:00AM without warrant nor legal justification, and put a gun to the head of plaintiff's tenant and his wife ordering them and their family to immediately vacate the apartment.

15. Following the above described incidents, Officers Bertos, Johnson, Wade, French & John Doe(s) #2 of the City of Troy Police Department and Bill French, Mark McGrath and John Doe(s) #1 of Troy Code Enforcement Office shut down the building and denied both plaintiff and his tenants access to the building.

16. In or about September 2010, Chief of Police John Tedesco called Mr David Slattery (the prior Caucasian owner of plaintiff's property) on the phone and referring to Mr. Price, stated "what do you do about your boy now, he was just arrested for drug trafficking". This statement is of course false because Mr. Price was neither arrested for drug trafficking, nor arrested at all.

17. In March 2011, being that Mr. Price had been informed that his previous application got lost, he submitted yet another set of application for permit, along with new set of plans and accompanying documents.  He still did not receive any response from the  City of Troy Department of Building and Codes on this new application.

18. In or about February 2011,  John Doe(s) #2 of the City of Troy Police Department without legal justification towed two of Mr. Price's vehicle from his home.

19. Since owning this building,  Bill French, Mark McGrath and John Doe(s) #1 of the City of Troy Department of Building and Codes have unjustifiably issued several "bogus violations" on several occasions against plaintiff and his building.

20. On one occasion, while Mr. Price was trying to comply with one of such several bogus violations against him, a Caucasian independent contractor hired by Mr. Price; while trying to

5

obtain a document from City of Troy Department of Building and Codes, was told by John Doe #1 of the City of Troy Department of Building and Codes, " why are you working for them black people, you know they are not going to pay you".

21. Mr. Price has on several occasions complied with all the spurious violations unjustifiably levied against him, and yet has been harassed with more violations by the defendants.

22. Furthermore, defendants have on occasions outrightly denied plaintiff the use of his building.

23. Officers Bertos, Johnson, Wade, French & John Doe(s) #2 of the City of Troy Police Department joined in this repeated harassment of Mr. Price by:

    i.  Conducting a warrantless and unauthorized search of Mr. Price's home in August, 2010, and seizing cash amount of over $9,000.00 from his resident, this being sums that YOUTH EMPOWERMENT SERVICES OF NEW YORK INC had raised that evening from their usual fund raisers.

    ii.  In August 2010 at a meeting with John Doe #2, a Troy Police Detective, he said to Mr. Price "you might as well sell your building, because we will never allow you to use the building".

    iii.  In or about August 2010, officers Bertos, Johnson, Wade, French & John Doe(s) #2 of the City of Troy Police Department arrested for "trespassing", one electrician and another individual that was hired by Mr. Price to perform some of the spurious violations levied against him by the City of Troy Department of Building and Codes. These officers made this arrest even after the individuals informed them that they had the landlord's permission to be there and to perform work required by City of Troy Department of Building and Codes. The charges against these individuals were dismissed the next day by the Troy City Court.

    iv.  On or about July 3, 2011, while plaintiff's tenants were having a birthday cook-out party for

6

their 3 year old child, Officer Bertos and other John Doe(s) #2 of the Troy Police Department disrupted the birthday cook-out party and called the tenants racial slurs, informing them that they (the tenants) were not allowed on the sidewalk.

v. Between August 2010 and April of 2012, John Doe(s) #2 of the Troy Police have on numerous occasions, without legal justification, ejected Mr. Price and his friends out of Mr. Price's home, informing them that they have no right to be there, and calling him and his other African American friends "bottom of the barrel".

vi. Between August 2010 and April, 2012, John Doe(s) #2 of the Troy Police Department have on occasion(s) arrested, searched (without warrant), and charged African American guests and friends of Mr. Price to court.  These charges would be dismissed from court the next day.

vii. From the time plaintiff purchased this building in or about August of 2010 to the present time, John Doe(s) #2 of the Troy Police Department have on several occasions, intentionally, and without legal justification, kept plaintiffs from using its building, by repeatedly and constantly harassing, arresting and ejecting Mr Price, his family, his friends and his tenants out of his building, and informing them that they are not allowed to be in the building.

viii.        Officer Bertos and other John Doe(s) #2 of the Troy Police Department have intentionally and falsely alleged and published to third parties, that a shooting occurred in plaintiff's property.  This false publications has prevented plaintiffs from renting part of its property.

24. On or about January 18, 2012, City of Troy Mayor, Louis Rosamilia, issued and signed an Order banning plaintiffs from accessing his building for a period of 45 days.  Troy Police Officers Bill Wade & Troy Code Enforcement Officer Mark McGrath came to plaintiff's

property and shut it down, locking plaintiffs out and denying him access to his building.

25. During this time the plaintiff was forced to abandon his home, his plumbing froze, and after the 45 days, he had to incur cost to redo the plumbing in his home.

26. On or about March 28, 2012, during a hearing at the Troy City Court, Mr. Welcome of the Troy City Code Enforcement stated in open court before the Honorable Judge that Troy City Code Enforcement is not restricting Mr. Price access to his building. He instead put the blame on Troy Police Department, notwithstanding clear evidence to the fact that both, the above named defendants and other John Doe(s) #1 & 2 of Troy City Code Enforcement and Troy Police Department Officers have worked in concert to intentionally and without legal justification deny plaintiff of his constitutionally guaranteed right to the use of his property.

27. Subsequent to this court hearing, on or about April 8, 2012, on Easter day, while Mr. Price and his family and other kids and friends were playing a game of "Easter Egg Hunt" in their home, the above named defendants and other John Doe(s) #1 & 2 of Troy City Code Enforcement and Troy Police Department Officers stormed into plaintiff's home and once again ordered him to vacate his premises. These defendants alleged that they were acting under the orders of City of Troy Code Enforcement.

28. Upon information and belief plaintiff alleges that the City of Troy has a custom, practice and policy of using its Code Enforcement & Police Department to carry out discriminatory practices against minority members of the community, and to deprive these individuals of their federally protected rights, contrary to the provisions of the United States Constitution and other Federal Statutes.

29. Because of the repeated actions and/or inaction of these defendants, plaintiffs are at the verge of encountering irreparable financial loss and loosing their home if the court does not immediately intervene and issue a Temporary Order restraining defendants from denying plaintiffs access to,

and use of its property without legal justification.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

In violation of *42 U.S.C. Section 1983*, the defendants, have deprived the plaintiffs, an American Citizen, of his/its rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States, by, under the color of state law and without due process of law, denying plaintiffs of the right to use and access its/his property.

### SECOND CAUSE OF ACTION

In violation of *42 U.S.C. Section 1983*, the defendants, have deprived the plaintiff, an American Citizen, of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States, by, under the color of law, searching and seizing his properties without warrant, and without legal justification.

### THIRD CAUSE OF ACTION

In violation of *42 U.S.C. Section 1983*, the defendants, have deprived the plaintiff, an American Citizen, of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendment to the Constitution of the United States, by, under the color of state law, denying him his right to equal protection of the law, on account of his race/ethnicity as a Black/African American.

## FOURTH CAUSE OF ACTION

The defendants have intentionally engaged in extreme and outrageous conducts, which conducts have caused severe emotional distress to the plaintiff; in that, the defendants on more than one occasion degraded the plaintiff and his tenants and friends by referring to them in racially degrading terms, and by subjecting plaintiffs to homelessness and poor living conditions, and furthermore depriving plaintiff of access and use of his property without legal justification.

## FIFTH CAUSE OF ACTION

The defendants have violated the plaintiffs rights under the Fair Housing Act on account of his race, by deliberately engaging in conducts calculated to frustrate the plaintiff out of the neighborhood and force him to surrender, abandon, sell or give up his property.

## SIXTH CAUSE OF ACTION

The defendants have engaged in the abuse of legal process by repeatedly issuing spurious tickets, violations, and summons against the plaintiff for the purpose of frustrating and steering the plaintiff out of the neighborhood.

## SEVENTH CAUSE OF ACTION

The defendants have defamed plaintiff and his business enterprise by falsely publishing reports that a shooting occurred on plaintiff's rental property, and by publishing other similar negative reports.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that this Honorable Court grant him the following relief:

1. A preliminary injunction restraining the defendants from - without legal justification and/or due process – denying or interfering with plaintiff's right to use or enjoy his property.

2. A permanent injunction restraining the defendants from - without legal justification and/or due process – denying or interfering with plaintiff's right to use or enjoy his property

3. Reimbursement for damages intentionally and unjustifiably caused by the defendants to plaintiff's property........ $57,000.00.

4. Reimbursement for cost incurred by plaintiff to procure building plans............... $5,000.00

5. Lost rent and other revenue lost as a result of defendants interference with plaintiff's use of the property.................................................................................…......$500,000.00

6. Money and other properties illegally seized from plaintiff...............$15,000.00

7. Pain and suffering in the amount of ….............................................$250,000.00

8. Punitive damages in the amount of …........................................... .$250,000.00

9. Attorney fees pursuant to 42 USC Section 1988.

10. Other further costs and relief as this Honorable Court may deem just and proper.

TOTAL RELIEF SOUGHT.........................................................................**$1,077,000.00**

Date: May 17, 2012

s/ *Vincent U. Uba*

_____

Vincent U. Uba, Esq., *Bar Roll No. 516259*
*Attorney for the Plaintiffs, Michael Price, 24*
*Albany Holding LLC, & Youth Empowerment Services of New York INC*
750 Broadway, Albany, NY 12207
E Mail: vinuuba@yahoo.com
Tel: 518-533-4943
Fax: 518-618-1330

I Michael Price on my own behalf, and on behalf of 24 ALBANY HOLDING LLC and YOUTH EMPOWERMENT SERVICES OF NEW YORK INC as President/Director/CEO of the aforementioned corporations, do hereby declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge, information, and belief; source of my information being, public records, interview of witnesses and my own investigation.

Michael Price

VINCENT UCHENNA UBA
NOTARY PUBLIC STATE OF NEW YORK
ALBANY COUNTY
LIC. #02UB6221465
COMM. EXP. 5/31/2014

Subscribed and Sworn to before me

this _16th_ day of _May_, 2012

NOTARY PUBLIC

12