UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL PRICE; 24 ALBANY HOLDING
LLC; and YOUTH EMPOWERMENT
SERVICES OF NEW YORK, INC.,

                          Plaintiffs,

  -v-                                                      1:12-CV-00815

CITY OF TROY, NEW YORK; LOU ROSAMILIA,
in his individual and official capacity as Mayor of
City of Troy; WILLIAM CHAMBERLAIN, in his
individual and official capacity as City of Troy
Deputy Mayor; BILL FRENCH, in his individual
and official capacity as City of Troy Code
Enforcement Officer; DON ALDANO, in his
individual and official capacity as City of Troy
Code Enforcement Employee; MARK MCGRATH,
in his individual and official capacity as City of
Troy Code Enforcement Officer; JOHN DOES #1;
ISAAC BERTOS, in his individual and official
capacity as City of Troy Police Officer;
CHRISTOPHER JOHNSON, in his individual and
official capacity as City of Troy Police Officer;
BILL WADE, in his individual and official capacity
as City of Troy Police Officer; SERGEANT
FRENCH, in his individual and official capacity as
City of Troy Police Officer; JOHN TEDESCO, in
his individual and official capacity as City of Troy
Police Chief; and JOHN DOES #2,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

OFFICE OF VINCENT U. UBA              VINCENT U. UBA, ESQ.
Attorney for Plaintiffs
750 Broadway
Albany, NY 12207

| | |
|---|---|
| PATTISON, SAMPSON LAW FIRM | DONALD J. SHANLEY, ESQ. |
| Attorneys for Defendants | |
| 22 First Street | |
| P.O. Box 208 | |
| Troy, NY 12181 | |
| | |
| CITY OF TROY, CORPORATION COUNSEL | IAN H. SILVERMAN, ESQ. |
| Department of Law | |
| 1776 Sixth Avenue | |
| Troy, NY 12180 | |

DAVID N. HURD
United States District Judge
h

## DECISION and ORDER

**I. INTRODUCTION**

On May 16, 2012, plaintiffs initiated this action against defendants City of Troy, Mayor Lou Rosamilia ("Rosamilia"), Deputy Mayor William Chamberlain ("Chamberlain"), City of Troy Code Enforcement Officers Bill French ("French"), Don Aldano ("Aldano"), Mark McGrath ("McGrath"), City of Troy Police Officers Isaac Bertos ("Bertos"), Christopher Johnson ("Johnson"), Bill Wade ("Wade"), Sergeant French ("Sergeant French"), John Tedesco ("Tedesco"), and several John Does.

Generally, plaintiffs allege a number of violations of state and federal law stemming from actions taken by the defendants in connection with plaintiffs' ownership and occupation of a building located at 275 Fourth Street in Troy, New York. Plaintiffs seek injunctive relief as well as $1,077,000 in damages and attorney's fees.

On July 23, 2012, the City of Troy's Office of Corporation Counsel, through its attorney Joshua Sabo ("Sabo"), filed an answer to plaintiffs' complaint on behalf of all defendants.

ECF No. 21. On November 15, 2012, plaintiffs moved for an entry of default[1] against defendants Rosamilia, Chamberlain, French, Aldano, McGrath, Johnson, Wade, Sergeant French, and Tedesco (the "individual defendants"), arguing that the response filed by Sabo was only on behalf of the City of Troy and not the individual defendants. ECF No. 29. After reviewing the filing at issue, the Clerk of the Court entered default against the individual defendants on November 28, 2012. ECF No. 34.

On January 11, 2013, plaintiffs moved for default judgment against the individual defendants. ECF No. 38. On January 15, 2013, the individual defendants filed a cross-motion to vacate the entries of default against them.[2] ECF No. 40. These motions have been fully briefed and were considered on submit without oral argument.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Whether to vacate an entry of default is left to the discretion of the district court. Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013). In evaluating whether a party has shown good cause to vacate an entry of default, the following factors should be considered: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Id. at 455.

Here, an answer was timely filed on behalf of all defendants. After plaintiffs moved for an entry of default, the Clerk of the Court reviewed the document and subsequently

---

[1] Pursuant to a January 1, 2013, text order, the entry of default against Bertos was vacated.

[2] On May 22, 2013, the individual defendants also moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). ECF No. 57. However, counsel for the parties agree that such a motion is premature in light of the unresolved motion for default judgment and cross-motion to vacate the entry of default. See Shanley Aff., ECF No. 61, ¶ 4; Uba Aff., ECF No. 59, ¶ 3. Accordingly, that motion will be denied without prejudice to renew before Magistrate Judge Hummel.

- 3 -

construed it as an answer on behalf of only the City of Troy because of a drafting error in the opening paragraph. Sabo Aff., ECF No. 40-1, ¶ 31. The remaining substance of the answer clearly indicates that it was intended to be made on behalf of the individual defendants as well. See Shanley Aff., ECF No. 40-2, ¶¶ 15-21. While courts have certainly considered attorney carelessness to be inexcusable at times, a single error in sentence construction does not rise to the level of inexcusable neglect. Indeed, there is every indication that this entry of default was a surprising development and the attorney of record took diligent action to correct the error. Id. ¶ 7.

The individual defendants have also demonstrated the existence of a number of meritorious defenses to plaintiffs' claims, including a potential lack of standing, the need for an analysis of qualified immunity, and a potential bar to the state claims under New York's General Municipal Law. Id. ¶ 72. Given that the allegations against the individual defendants relate to actions taken in their capacities as Police Officers and Code Enforcement Officers for the City of Troy, qualified immunity may provide a complete defense at trial. Def.'s Mem., ECF No. 40-13, 14.

Finally, there is no indication plaintiffs would suffer prejudice from vacatur. Plaintiffs argue that prejudice would result because Michael Price is currently incarcerated. Pl.'s Mem., ECF No. 58-6, 13. However, Mr. Price and the corporate plaintiffs are competently represented by counsel. In any event, further review of the docket reveals that the individual defendants have continued to engage in discovery and otherwise participate in this action. See, e.g., ECF No. 72. Clearly, granting the individual defendants' motion to vacate the entry of default against them would do little to change the course of the underlying proceedings.

## III. **CONCLUSION**

Based on the above findings, good cause exists to vacate the entry of default against the individual defendants. Accordingly, defendants' cross-motion to vacate the entry of default will be granted.

Therefore, it is

ORDERED that

1. Plaintiffs' motion for default judgment (ECF No. 38) is DENIED in its entirety;

2. Defendants' cross-motion to vacate the entry of default (ECF No. 40) is GRANTED in its entirety;

3. Defendants' motion for a more definite statement (ECF No. 57) is DENIED without prejudice; and

3. Defendants have fourteen days from the date of this decision to answer the complaint.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 15, 2014
      Utica, New York.