**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**MICHAEL PRICE, 24 ALBANY HOLDING LLC,
& YOUTH EMPOWERMENT SERVICES OF
NEW YORK, INC.,**

                               **Plaintiffs,**

   vs.                                                    **1:12-CV-0815
(DNH/CFH)**

**CITY OF TROY NEW YORK; LOU ROSAMILIA,
in his individual and official capacity as Mayor of City
of Troy; WILLIAM CHAMBERLAIN, in his individual
and official capacity as City of Troy Deputy Mayor; BILL
FRENCH, in his individual and official capacity as City of
Troy Code Enforcement Officer; DON ALDANO, in his
individual and official capacity as City of Troy Code
Enforcement Employee; MARK McGRATH, in his
individual and official capacity as City of Troy Code
Enforcement Officer; JOHN DOES #1; ISAAC BERTOS, in
his individual and official capacity as City of Troy Police
Officer; CHRISTOPHER JOHNSON, in
his individual and official capacity as City of Troy Police
Officer; BILL WADE, in his individual and official capacity
as City of Troy Police Officer; SERGEANT FRENCH, in his
individual and official capacity as City of Troy Police Officer;
JOHN TEDESCO, in his individual and official capacity as
City of Troy Police Officer; and JOHN DOES #2,**

                                **Defendants.[1]**

**APPEARANCES:**                                 **OF COUNSEL:**

---

[1] Due to the inconsistencies in the captions on the parties' submissions, this Court utilizes the caption previously assigned to the case in the January 15, 2014 Decision and Order of the Hon. David N. Hurd.

OFFICE OF VINCENT U. UBA                    Vincent U. Uba, Esq.
750 Broadway
Albany, New York 12207
*Attorney for Plaintiffs*

PATTISON, SAMPSON, GINSBERG
& GRIFFIN, P.C.                                       Donald J. Shanley, Esq.
22 First Street
P.O. Box 208
Troy, Ne York 12181
*Attorneys for Defendants*

CITY OF TROY
CORPORATION COUNSEL                   Ian H. Silverman, Esq.
1776 6th Avenue
Troy, New York 12180
*Attorneys for Defendants*

**Christian F. Hummel, U.S. Magistrate Judge:**

## MEMORANDUM- DECISION AND ORDER

### INTRODUCTION

Presently before the Courts are the following motions: (1) defendants' motion pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definitive statement of plaintiffs' claims (Dkt. No. 82); plaintiffs' motion to amend the complaint (Dkt. No. 96); and (3) defendants' cross motion, pursuant to Rule 7.1(c) of the Federal Rules of Civil Procedure, seeking an Order joining plaintiffs' motion to amend with defendants' prior motion for a more definitive statement (Dkt. No. 97).

### BACKGROUND[2]

In August 2010, plaintiff 24 Albany Holding LLC, through its Director and plaintiff, Michael Price (an African American citizen), purchased the property at 275 Fourth Street, Troy, New York from David Slattery (a Caucasian American). The property was purchased for the use

---

[2] The "background" recited is based upon the allegations contained in plaintiffs' original complaint.

2

and benefit of the plaintiff, Youth Empowerment Services of New York Inc. ("YES"), a not-for-profit corporation. The property is located in an R-4 Zone which, according to the City of Troy Zoning Law, is for "multi-family residential, restaurants and for other similar uses". Prior to plaintiffs purchasing the property, two families occupied the second and third floor of the building and a restaurant/bar was located on the first floor. The restaurant, 630 Paradise Pub, was owned and operated by James Skaggs. After purchasing the property, Price moved into the second floor and rented the third floor.[3]

In August 2010, plaintiffs attempted to use the first floor as a restaurant to raise funds for YES. Plaintiff was informed that a use and area variance was required. Plaintiff retained an architect and, on August 18, 2010, plaintiff submitted an Application for Permit and other documentation to the Department of Building and Codes. Plaintiff was informed by Don Aldano, a City of Troy Building and Codes employee, that William Chamberlain, the Deputy Mayor for the City of Troy, told Mr. Aldano that he should not process plaintiff's application.

Plaintiff alleges that on or around August 20, 2010, officers from the Troy Police Department, including Officers Bertros, Johnson, Wade, French and John Doe #2, invaded his home without a warrant and damaged his personal property. Plaintiff also alleges that the same officers invaded the third floor of the building and, "put a gun to the head of plaintiff's tenant and his wife ordering them and their family to immediately vacate the apartment". The building was then "shut down" and both plaintiff and his tenants were denied access.

In March 2011, Price was informed that his application was lost and therefore, he submitted a new application for a permit with a new set of plans. Plaintiff did not receive a response.

---

[3] The complaint alleges that Price moved into the building in February 2011. However, the date is inconsistent with other dates and allegations in the complaint.

Plaintiffs allege that the Department of Building and Codes issued several "bogus violations" against plaintiff and his building in an attempt to harass plaintiff. Plaintiff alleges that Officers Bertros, Johnson, Wade, French and John Doe repeatedly harassed him in the following manner: (1) defendants seized over $9000.00 from his residence in August 2010; (2) defendants threatened plaintiff; (3) defendants arrested individuals hired to perform work at the premises on the basis of "trespassing"; (4) defendants disrupted plaintiff's son's birthday party with racial slurs; (5) defendants "ejected" plaintiff's African-American friends from his home and arrested his guests; (6) defendants published, to third parties, that a shooting occurred on plaintiff's property thereby preventing plaintiffs from renting property.

On January 18, 2012, City of Troy Mayor, Louis Rosamilia, issued an Order banning plaintiffs from the building for 45 days. Officer Wade and Troy Code Enforcement Officer Mark McGrath came to the property and denied plaintiff access. As a result of being denied access for an extended period of time, plaintiff alleges that he incurred costs to redo the home.

On March 28, 2012, during a hearing at Troy City Court, Mr. Welcome, of the Troy City Code Enforcement, stated that the Troy Police Department restricted plaintiffs' access. On April 28, 2012, defendants entered plaintiff's home and ordered him to vacate the premises.

**PROCEDURAL HISTORY**

On or about May 16, 2012, plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants deprived plaintiffs of their Fourth and Fourteenth Amendment rights. Plaintiffs also claim that defendants violated plaintiffs' rights under the Fair Housing Act, engaged in abuse of legal process and defamed plaintiffs. This action arises in connection with plaintiffs' ownership and occupation of a building located at 275 Fourth Street in Troy, New York.

On January 11, 2013, plaintiffs moved for a default judgment against all defendants, except the City of Troy.[4] Defendants cross-moved to vacate the entry of default and also moved for a more definitive statement. (Dkt. Nos. 38, 40, 57). On January 15, 2014, United States District Judge David N. Hurd issued an Order denying plaintiffs' motion for a default judgment and granting defendants' motion to vacate the entry of default. Judge Hurd also denied defendants' motion for a more definitive statement without prejudice. (Dkt. No. 77).

On January 23, 2014, defendants filed an Answer to plaintiffs' complaint. (Dkt. No. 80). On February 3, 2014, defendants filed the within motion for a more definitive statement. Plaintiffs' opposed the motion and filed a motion to amend the complaint. Defendants' opposed the motion to amend and cross-moved for joint relief.

## PROPOSED AMENDED COMPLAINT

Plaintiffs annexed an Amended Complaint as an exhibit to the motion for leave to amend the complaint. The proposed pleading includes a new plaintiff, David L. Slattery, the prior owner of the subject premises, 275 Fourth Street in Troy, New York. The proposed pleading includes fourteen new factual allegations relating to the previously named plaintiffs and nineteen factual allegations relating to Mr. Slattery. In addition, the proposed amendment includes an additional cause of action and prayers for relief.

With respect to the previously named plaintiffs, the proposed amendment includes facts relating to incidents that occurred after the original complaint was filed. To wit, plaintiffs claim that in August 2012, a fire was intentionally set at the premises and that the Troy Police Department refused to assist plaintiff or complete a police report due to the pending lawsuit. Plaintiffs also claim that since the complaint was filed, the property has been burglarized and that

---

[4] On July 23, 2012, the City of Troy filed an Answer to plaintiffs' complaint.

5

the police refuse to assist or provide protection due to the fact that Price, is a Black/African American citizen. Plaintiffs claim that surveillance cameras captured video depicting officers of the Troy Police Department damages plaintiff's vehicles but that the cameras and footage were subsequently stolen during a burglary. Plaintiff, Michael Price, alleges that his girlfriend and sister have been harassed by the police due to their relationship to plaintiff and issued appearance tickets for trespassing. Plaintiff claims he was arrested for failing to answer a violation of the Troy City Code relating to his failure to obtain a Certificate of Occupancy and that while he was incarcerated, his residence was burglarized. Plaintiffs allege that defendants have verbally pressured plaintiff to sell the premises and imposed disingenuous taxes and penalties on the property. Since the issuance of a Certificate of Occupancy in January 2013, defendants have imposed various restrictions and conditions on the Certificate rendering it difficult for plaintiff to enjoy the premises.

With respect to Slattery, plaintiff alleges that on or around February 22, 2010, Slattery sold the premises to Price and the deed was transferred to 24 Albany Holdings LLC. Slattery entered into a mortgage agreement and executed a deed of mortgage with Price and 24 Albany Holdings LLC wherein the mortgage was held by Slattery, as the mortgagee and secured by the property. Plaintiffs allege that defendants never interfered with Slattery's use or enjoyment of the property. Slattery alleges that defendants' conduct against Price has resulted in Price being unable to make mortgage payments to Slattery. Defendants are now attempting to foreclose on the property and extinguish Slattery's mortgage interest in the property. Slattery has sent letters to the Mayor of the City of Troy and the Troy Police Department complaining of the oppressive conduct against Price but received no response. Slattery alleges that defendants have unlawfully interfered with his right to sell or transfer his interest in the property to a member of a protected

6

class under the Fair Housing Act. As a result, Slattery claims he has suffered severe, irreparable economic harm.

## DISCUSSION

Rule 12(e) allows "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). "A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. The rule is designed to strike at unintelligibility rather than want of detail and . . . allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Sterling v. Mercantile Adjustment Bureau, LLC,* 2011 W L 4915813, at *1-2 (W.D.N.Y. 2011) (citing *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777, 781–82 (S.D.N.Y. 2001) (internal quotation marks and citations omitted)); *see also FRA S.p.A. v. Surg-o-Flex of America, Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). ("[a] rule 12(e) motion may only be granted if 'a pleading . . . is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading").

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading shall be freely given when justice so requires. *See Livingston v. Piskor*, 215 F.R.D. 84, 85 (W.D.N.Y. 2003). "Absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Defendants' 12(e) motion was based upon the original complaint.  Plaintiffs opposed the motion arguing that defendants filed an Answer to the complaint, thereby waiving the right to object to the complaint as overly vague.  Defendants' submitted a reply brief.  While that motion was pending, plaintiffs filed a motion to amend with the proposed amended complaint annexed as an exhibit.  Defendants did not oppose that motion but cross moved asking the Court to apply the previously filed Rule 12(e) motion to the proposed amended complaint.  Defendants argue that the proposed complaint suffers from the same insufficiencies as the original complaint.  Plaintiffs have not responded to the cross motion.  Accordingly, in the interest of judicial economy, the Court will consider defendants' 12(e) motion within the context of the amended complaint. *See Dowling v. Prudential Ins. Co.,* 1988 WL 3418, at *3 (S.D.N.Y. 1988) (the plaintiffs' motion to amend the complaint, and the defendant's motion for a more definite statement may be considered jointly).

**A.    New Factual Allegations/Motion to Supplement Pleading**

Defendants argue that the allegations contained in paragraphs 31 through 44 of the proposed amended complaint relate to new incidents that allegedly occurred after the within action was commenced.   Therefore, defendants argue that plaintiffs' motion is a motion to supplement the complaint under Fed. R. Civ. P. 15(d), not a motion to amend pursuant to Fed. R. Civ. P. 15(a). Defendants correctly assert that the claims in the aforementioned paragraphs are arise out of incidents that occurred at or relating to the subject premises between August 2012 and January 2013 and are based on incidents that occurred after the original complaint was filed.  Thus, defendants correctly assert that the claims are treated more properly in a motion for leave to supplement the complaint under Rule 15(d), rather than as a motion for leave to amend the complaint under Rule 15(a). *Tolliver v. Malin*, 2014 WL 1378447, at *7 (S.D.N.Y. 2014).

However, regardless of the rule, the standard for determining the plaintiffs' motion is the same. *Id*. Here, defendants do not argue that they suffered any prejudice nor do they present any argument based on undue delay, bad faith or futility as a result of the claims asserted in these paragraphs. Thus, defendants mere objection to plaintiffs entitling the motion as a request to amend rather than supplement is irrelevant.

**B.     New Plaintiff**

Although Rule 15(c)'s express terms address only the addition of new defendants, the Second Circuit has held that Rule 15(c) "is also applicable to a proposed change of plaintiffs." *Bensinger v. Denbury Res. Inc.*, 2013 WL 3353975, at *4 (E.D.N.Y. 2013) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997)). "The attitude taken in the revised Rule 15(c) toward a change of defendants extends by analogy to amendments that change plaintiffs." *Id.* (citing Fed.R.Civ.P. 15 Advisory Committee Notes (1966)). Courts in this Circuit consistently allow relation back of new plaintiffs where defendants had fair notice of the new plaintiffs' claims and would not suffer undue prejudice. *Id.* (citations omitted). Here, defendants do not object to Slattery being added as a plaintiff but objects to the factual allegations asserted by Slattery, as discussed *infra*.

**C.     Futility**

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Defendants objections to the proposed pleading is largely an objection based upon futility. To wit, defendants claim that the amended complaint is futile as it relates to Slattery because he is attempting to assert claims for which he lacks standing. Defendants set forth a similar argument with respect to the claims asserted by the previously named plaintiffs.

9

Defendants contend that there are three separate entities listed as plaintiffs in the complaint and that certain plaintiffs do not have standing to assert claims on behalf of other plaintiffs. For example, defendants argue that a corporation cannot assert a claim for racial bias. Defendants contend that plaintiffs have added to this confusion because, throughout the complaint, they refer to "plaintiff" or "plaintiffs" without explanation as to which plaintiff(s) is asserting which claim against which defendant(s). Defendants further argue that all defendants are accused of a "myriad" of claims and therefore, defendants are presented with difficulties defending and responding to the claims. Defendants request that plaintiffs be directed to redraft the proposed pleading so as to separately state and number the claims of each plaintiff and to identify which named defendants each claim is asserted against.

Generally, a motion for a more definite statement may be granted when the complaint has made general allegations against numerous defendants and has failed to identify the specific defendants against whom plaintiff is asserting each of his causes of action. *Caraveo v. Nielsen Media Research, Inc.*, 2002 WL 530993, at *2 (S.D.N.Y. 2002) (citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y.1986) (the plaintiff brought seven causes of action against three defendants and employed the term "defendant" without specifying which particular defendant is referred to). "A defendant 'cannot effectively respond to [plaintiff's] complaint until he knows which claims [plaintiff] is asserting against him in his individual capacity' ". *Id*. The word "defendant" or "defendants" should not be used by plaintiff without a modifier such as "all defendants," or specifying certain named defendants. *See id.*

Upon reviewing the factual allegations in the amended complaint, the Court finds that plaintiffs do not distinctly identify which factual allegations relate to which defendants and which plaintiff is asserting what claim. In paragraphs 5–63, where the factual allegations are listed, plaintiffs are inconsistently referred to as "plaintiff" or "plaintiffs" and defendants are repeatedly

refers to as "defendant" or "defendants" in a manner that is vague and ambiguous with respect to which defendants engaged in which actions. Defendants cannot be "left to wonder, did plaintiff [ ] intend 'defendants' to refer to all defendants, or was the use of 'defendants' simply a shorthand way of referring to the [certain] defendants only in [a] particular context?" *See Caraveo*, 2002 WL 530993, at *3. Plaintiffs must clearly refer to the parties with the proper identifiers so as to not leave the Court or defendant(s) to guess as to which party was involved in each incident/allegation.

Upon further review of the proposed pleading, the Court holds that plaintiffs have not clearly and concisely plead any cause of action. Plaintiffs' amended complaint is insufficient as plaintiffs have failed to identify the defendant or defendants who allegedly violated plaintiff's Fourth and Fourteenth Amendment Rights and how they allegedly did so. *See Wik v. City of Rochester,* 2008 WL 4911805, at *20 (W.D.N.Y. 2008). Moreover, plaintiffs failed to identify which plaintiff or plaintiffs suffered from the alleged deprivation. To wit, in the First Cause of Action, plaintiffs allege:

> In violation of 42 U.S.C. 1983, the defendants have deprived the plaintiffs, an American Citizen of his/its rights privileges and immunities guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States, by, under the color of state law and without due process of law, denying plaintiffs the right to use and access its/his property.

The Second Cause of Action alleges:

> In violation of 42 U.S.C. 1983, the defendants have deprived the plaintiffs, an American Citizen of his/its rights privileges and immunities guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States, by, under the color of state law, searching and seizing his properties without warrant, and without legal justification.

The Fourth Cause of Action alleges:

> The defendants have engaged in extreme and outrageous conducts, which conducts have caused severe emotion distress to the plaintiff; in that, the defendants on more than one occasion degraded the plaintiff and his tenants and friends by referring to them in racially degrading terms, and by subjecting plaintiffs to homelessness and poor living conditions, and furthermore depriving plaintiff of access and use of his property without legal justification.

*See* Amended Complaint (Dkt. No. 96).

The inconsistent use of the word "plaintiff/plaintiffs" and "defendant/defendants" does not properly place defendant(s) on notice of what claims are asserted against whom. The Fifth, Sixth and Seventh Causes of Actions suffer from the same ambiguities. Plaintiff uses "defendants" and fails to state which defendant or defendants allegedly violated the Fair Housing Act, abused legal process and defamed plaintiff.

Given these ambiguities, the Court finds that the pleading is vague and ambiguous and does not satisfy the pleading requirements of Rule 8. While details of a complaint's factual basis should be determined during discovery, *see Dowling*, 1988 WL 3418, at *3, defendants' motion for a more definitive statement is granted. Plaintiffs are granted leave to amend the complaint but the Court rejects the proposed complaint annexed as an exhibit herein. Instead, plaintiffs are directed to redraft the complaint and clearly identify which defendants are named as to each cause of action and when the events relating to that claim occurred. *See Amadasu v. Ngati*, 2006 WL 842456, at *4 (E.D.N.Y. 2006); *see also U.S. v. Int'l Longshoremen's Ass'n*, 518 F.Supp.2d 422, 464, n.5 (E.D.N.Y. 2007) (citing *Koch v. Hickman*, 2007 WL 586695, at *2 (E.D.Cal. 2007) ("[i]t is not the Court's responsibility to read [p]laintiff's story and then try to determine which claim goes with which facts or which facts go with which [d]efendant or claim. This is the [p]laintiff's responsibility.")).

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED**, that defendants' cross-motion for an order joining the pending motions (Dkt. No. 97) is **GRANTED**; it is further

**ORDERED**, that plaintiffs' motion for leave to amend the complaint (Dkt. No. 96) is **GRANTED**; it is further

**ORDERED**, that defendants' motion (Dkt. No. 82) for a more definitive statement pursuant to Rule 12(e) is **GRANTED**; it is further

**ORDERED**, that plaintiffs shall file an amended complaint, pursuant to the directives contained in the within order, within **TEN (10) DAYS** of the date of this Order. The amended complaint submitted by plaintiffs in response to this Memorandum-Decision and Order must set forth a short and plain statement of the facts they rely on in support of their claims, and which names one or more specific individuals who engaged in acts of misconduct or wrongdoing which violated plaintiffs' constitutional rights. Any amended complaint filed shall supersede and replace in its entirety the original complaint, and therefore must be a complete pleading which sets forth all of the claims that plaintiffs want this Court to consider as a basis for awarding relief herein. Plaintiff should file an amended complaint that, in all instances clarifies, which claims and factual allegations are being asserted against which defendants.

**IT IS SO ORDERED.**

Dated: June 26, 2014
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge