**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL PRICE, et al.,

                Plaintiffs,

     v.                                                             1:12-CV-815
                                                                        (DNH/CFH)

CITY OF TROY, et al.,

                Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| Office of Vincent U. Uba<br>750 Broadway<br>Albany, New York 12207<br>Attorneys for Plaintiffs | VINCENT U. UBA, ESQ. |
| Pattison, Sampson Law Firm<br>22 First Street<br>P.O. Box 208<br>Troy, New York 12181-0209<br>Attorneys for Defendants | DONALD J. SHANLEY, ESQ. |
| City of Troy Corporation Counsel<br>Department of Law<br>1776 6th Avenue<br>Tory, New York 12180<br>Attorneys for Defendants | IAN H. SILVERMAN, ESQ. |

## DECISION AND ORDER

On May 16, 2012, plaintiffs Michael Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. commenced this action against defendants. Dkt. No. 1. On July 21, 2014, plaintiffs filed an amended complaint, which, among other things,

added David L. Slattery as a plaintiff. Dkt. No. 105. On July 31, 2014, defendants filed an answer with counterclaims. Dkt. No. 106.

## I. Background

As previously described in an earlier Decision and Order of this Court, "[g]enerally, plaintiffs allege a number of violations of state and federal law stemming from actions by defendants in connection with plaintiffs' ownership and occupation of a building, located at 275 Fourth Street in Troy, New York." Dkt. No. 77 at 2.

On March 4, 2015, defendants' attorney filed a motion for an order dismissing the amended complaint pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure ("FRCP") or, in the alternative, an order pursuant to Rule 37(a) of the FRCP compelling plaintiffs Michael Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. to respond to discovery demands. Dkt. No. 124.[1] Defendants further seek to recover attorney's fees. Id. Plaintiffs filed an affidavit of counsel and memorandum of law in opposition to defendants' motion. Dkt. Nos. 133, 133-2. On May 19, 2015 defendants filed a further affidavit in support of their motion. Dkt. No. 149.

## II. Procedural History

On October 10, 2012, the Court issued a Uniform Pretrial Scheduling Order which required, among other things, that discovery be completed by July 31, 2013. Dkt. No. 27. On April 30, 2013, this Court issued a text order which extended the deadline for the

---

[1] Defendants' motion is not directed to plaintiff David L. Slattery.

completion of discovery until September 6, 2013.  Dkt. No. 56.

By letter motion dated September 4, 2013, plaintiffs' counsel requested an extension of the discovery deadline.  Dkt. No. 64.  On September 5, 2013, this Court issued an Order providing that the discovery deadline would be reset pending a decision on plaintiffs' motion for a default judgment.  Dkt. No. 65.

On November 1, 2013, the Court conducted a discovery conference.  On November 4, 2013, the Court issued an Order directing plaintiffs to provide supplemental responses to each set of interrogatories served by defendants by December 11, 2013.  Dkt. No. 73.  By text order dated December 26, 2013, the Court granted plaintiffs' request for an extension to serve supplemental interrogatory responses until January 31, 2014.  Dkt. No. 75.

A settlement conference was conducted on January 10, 2014.  When the case did not settle, the Court issued an Order extending plaintiffs' time to serve supplemental interrogatory responses until February 28, 2014.  Dkt. No. 76.  That Order further provided there would be no further extensions of that deadline.  Dkt. No. 76.

A conference was conducted on March 6, 2014 to address various discovery-related issues.  Following that conference, the Court issued an Order which, among other things, extended discovery until July 14, 2014.  Dkt. No. 91.

The parties engaged in extensive motion practice directed toward plaintiffs' complaint.  On June 26, 2014, this Court issued a Memorandum-Decision and Order (Dkt. No. 98) which granted defendants' motion for a more definite statement pursuant to Rule 12(e) (Dkt. No. 82) and granted plaintiffs' motion for leave to amend the complaint (Dkt. No. 96).  Plaintiffs were directed to file an amended complaint by July 12, 2014.  Dkt. No. 98.

By letter motion dated July 10, 2014, plaintiffs requested an extension of time to file

3

an amended complaint as well as an extension of the deadlines for the completion of discovery and the filing of dispositive motions. Dkt. No. 103. On July 14, 2014, the Court issued a text order which extended the deadlines for the filing of an amended complaint, the completion of discovery, and the filing of dispositive motions. Dkt. No. 104. On September 12, 2014, the Court issued another text order extending discovery until December 31, 2014. Dkt. No. 111.

A discovery conference was conducted on February 10, 2015. Following that conference, a text order was issued extending discovery until February 27, 2015 to permit plaintiffs a further opportunity to respond to defendants' interrogatories. Dkt. No. 118.

On March 3, 2015, plaintiffs' counsel filed a motion seeking to be relieved as counsel for plaintiffs Michael Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. Dkt. No. 122. On June 13, 2015, the Court issued an Order granting Mr. Uba's motion to be relieved as counsel for plaintiffs Michael Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. Dkt. No. 150. The Court further directed that Mr. Uba continue as counsel for all plaintiffs until after oral arguments had been conducted on defendants' motion for partial summary judgment (Dkt. No. 129), motion to amend/correct the motion for partial summary judgment in order to seek total summary judgment (Dkt. No. 135), and a motion for summary judgment directed to plaintiff David L. Slattery (Dkt. No. 136). The Court has scheduled oral argument on those motions for July 10, 2015.

### III. Discussion

Pursuant to the Federal Rules of Civil Procedure, sanctions may be awarded where

4

parties fail to comply with court orders or fail to cooperate in discovery. FED. R. CIV. P. 37(b), (d). Such sanctions may include (1) an order establishing facts; (2) an order precluding issues, evidence, or claims; (3) an order striking a pleading; (4) staying proceedings; (5) dismissing the action; or (6) rendering a default judgment against the disobedient party. Id. at (b)(2)(A)(i-vi), (d)(3).

A district court has broad discretion to impose sanctions. Residential Funding Corp. v. De George Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted). Dismissal is a "drastic remedy" which should generally only be used when lesser sanctions would be inappropriate. Southern New England Tel. Co. v. Global NAPS Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citation omitted). However, discovery orders are meant to be complied with; thus, dismissal is justified when the non-compliance may be attributed to wilfulness, bad faith, or the fault of the offending party. Id. (citations omitted). On deciding an appropriate sanction, "the court may consider the full record . . . [specifically] the wilfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the noncompliance; and whether the party has been warned of the consequences of noncompliance." Broadcast Music, Inc. v. Metro Lounge & Cafe LLC, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted). The goal of sanctions are to "ensure that a party will not benefit from its own failure to comply . . . [act as] specific deterrents and seek to obtain compliance with the particular order issued [and] . . . serve [as] as a general deterrent on the case at hand and on other litigation . . . ." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citations omitted). Defendants City of Troy, Rosamilia, and Chamberlain contend they served separate sets of interrogatories upon plaintiffs Price, 24 Albany Holding LLC, and

5

Youth Empowerment Services of New York Inc., all dated in August 2014. Dkt. No. 124-1 at 2-3. Defendant McGrath served sets of interrogatories upon Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc., all dated September 26, 2014. Dkt. No. 124-1 at 3. Defendant Bentos contends he served a second set of interrogatories in connection with the amended complaint dated September 4, 2014 on plaintiff Price. Dkt. No. 124-1 at 3. Defendants Johnson, Wade, French, and Tedesco served separate sets of interrogatories upon plaintiffs Price and 24 Albany Holding LLC dated October 16, 2014. Dkt. No. 124-1 at 3. Each defendant contends that the interrogatories served upon the various plaintiffs remain unanswered. Dkt. No. 124-1 at 2.[2] Plaintiffs' counsel concedes that plaintiffs have failed to respond to the various interrogatories propounded by defendants. Dkt. No. 133 at 2-3. Defendants have also served demands for identity of witnesses, production of documents, and for computation of damages. Dkt. No. 124-1. Plaintiffs also concede they have failed to respond to each of those demands. Dkt. No. 133.

Defendants correctly contend that plaintiffs Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. have failed to comply with a series of Court orders directing plaintiffs to provide responses to defendants' interrogatories and outstanding demands. Dkt. Nos. 73, 75, 76. "Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Baba v. Japan

---

[2] While this motion was pending, plaintiff Price, acting pro se, served responses to the various interrogatories propounded by defendants. Dkt. No. 149. Defendants contend the interrogatories are incomplete, unresponsive, and unintelligible. Dkt. No. 149 at 2. The Court has reviewed the responses and agrees that they are incomplete and insufficient.

6

Travel Bureau Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996) (citations omitted).

Plaintiffs' failure to respond to defendants' discovery demands and interrogatories is directly tied to the complete breakdown in communication between plaintiffs' current counsel, Mr. Uba, and plaintiff Price. That breakdown is documented in great detail in the affidavit filed in camera by Mr. Uba in support of his motion to withdraw as counsel for the plaintiffs who are the focus of this motion. Dkt. No. 141. Based in large part on that in camera submission, the Court issued an Order granting Mr. Uba's motion to be relieved as counsel. Dkt. No. 150.

The affidavit Mr. Uba submitted in opposition to this motion further highlights the strained relationship between counsel and plaintiffs Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. Dkt. No. 124. It also addresses the difficulties in responding to the interrogatories and other discovery-related demands due to plaintiff Price's incarceration.

Under the circumstances of this case, as outlined above, this Court finds plaintiffs' failure to respond to defendants' interrogatories and discovery demands was not wilful or in bad faith. A finding of wilful disobedience is generally required before the Court will impose sanctions. See Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990) (requiring conduct that is "wilful" or "in bad faith" before a sanction is imposed); see also King v. Allied Vision, Ltd., 65 F.3d 1051, 1063 (2d Cir. 1995) (requiring a finding of "wilful" contempt prior to award of attorney fees). Defendants have proffered no evidence of wilful disobedience on plaintiffs' part. As such, defendants' motion seeking the sanctions of dismissal or preclusion is **DENIED**.

## IV. Conclusion

WHEREFORE, its is hereby **ORDERED** that:

(1) Defendants' motion seeking the sanction of dismissal or preclusion is **DENIED**;

(2) Defendants' motion seeking an Order compelling Michael Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. to respond to all outstanding interrogatories and discovery requests is **GRANTED**. Plaintiffs are directed to respond to all such interrogatories and demands by August 7, 2015;

(3) Plaintiffs Price, 24 Albany Holding LLC, and Youth Empowerment Services of New York Inc. are cautioned that failure to comply with this Decision and Order <u>will result in this Court recommending a severe sanction be imposed including striking plaintiffs' complaint in this matter, dismissing all of plaintiffs' claims and the award of attorneys fees to defendants</u>;

(4) Defendants application for an award of attorneys fees is **DENIED** without prejudice to a renewed application if plaintiffs fail to comply with this Decision and Order.

**IT IS SO ORDERED.**

Dated: June 19, 2015
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge